**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| N4D, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>LEGEND3D, INC. f/k/a<br>LEGEND FILMS, INC., et al.,<br><br>　　　　　　　Defendants. | Case No. 13-CV-2656-BEN-NLS<br><br>**ORDER GRANTING JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER**<br><br>**(Dkt. No. 38.)** |

　　　　The Court having read the parties' joint motion for the entry of a protective order (dkt. no. 38), finding no objection and good cause appearing,

　　　　**IT IS HEREBY ORDERED** that this motion is **GRANTED**, and the following protective order is entered:

　　　　1.　　The email dated November 4, 2010, from Scott Mautner, Esq., General Counsel for Symphony 3D, LLC to Anthony Balakian, Chad Aaron, Lance Hilton, and Marc Goldman, copied to Alan U. Schwartz, Esq., George M. Belfield, Esq., and Jack McBride, Esq., hereafter "the Mautner email," is a privileged communication.

　　　　2.　　The Mautner email was used in documents filed with this court, not under seal but accessible by the public, without counsel for Passmore first notifying N4D's counsel of their intent to do so.

　　　　3.　　Counsel for Passmore has since notified counsel for N4D as follows:

i

    The email in question was produced by N4D's counsel in the Georgia case. In response to Passmore Lab's request for production of documents, N4D, through its counsel, produced over 125,000 documents, including emails, in electronic form at one time.  The amount of documentation produced was so voluminous that a computer program had to be created to do keyword searches for relevant documents.  We are unaware of any other privileged documents contained in that production.  I have satisfactorily described the circumstances of the origins of the email and my knowledge of whether any other privileged documents exist.  The Federal Rules require no more.  If you wish to delve into greater detail, I would recommend contacting your client's past and current counsel in the Georgia litigation, since it was they who were responsible for allowing the document to be produced in the first place.

    4. The Mautner email, as previously produced by N4D in the Georgia case shall be sequestered by Passmore's counsel for the duration of all litigation pending between Plaintiff and Passmore as of the date of the Protective Order, including this case; *Bird Rock Multimedia, Inc. v. 3DH Communications, Inc.*, San Diego Superior Court No. 37-2009-00100935; *Bird Rock Multimedia, Inc., et al. v. N4D*, San Diego Superior Court No. 37-2010-00103118-CU-MC-CTL; and *N4D, Inc. v. Gregory Passmore a/k/a Greg Passmore, et al.*, Gwinnett County (Georgia) Superior Court No. 10-A-11197-7.

    5. No party shall use or refer to the Mautner email in any form, whether in pleadings or other documents filed with the court, as discovery, as substantive evidence, as impeachment material, or for purposes of witnesses' refreshing of memory, in any pending litigation between the parties, including this case, the cases described in Paragraph 4 above, and *N4D, LLC v. Legend3D, Inc.*, San Diego Superior Court No. 37-2012-00088480-CU-NP-CTL.

    6. The office of Passmore's counsel represents, based on information and belief, that it is unaware of any other privileged documents inadvertently produced by N4D in its responses to Passmore's requests for production in *N4D, Inc. v. Gregory Passmore a/k/a Greg Passmore, et al.*, Gwinnett County (Georgia) Superior Court No. 10-A-11197-7, but it has not performed any further search to

verify the non-existence of any other privileged documents in the production of documents made by N4D.

7. Without admitting that privileged documents other than the Mautner email were inadvertently produced by N4D, LLC, to the extent that privileged documents may exist in the previous document production made by N4D in *N4D, Inc. v. Gregory Passmore a/k/a Greg Passmore, et al.*, Gwinnett County (Georgia) Superior Court No. 10-A-11197-7, Passmore and Legend agree to refrain from using or referring to such documents in any form, whether in pleadings or other documents filed with the court, as discovery, as substantive evidence, as impeachment material, or for purposes of witnesses' refreshing of memory, in any pending litigation between N4D and Passmore or Legend, including this case, the cases described in Paragraph 4 above, and *N4D, LLC v. Legend3D, Inc.*, San Diego Superior Court No. 37-2012-00088480-CU-NP-CTL, with such refraining to include the withdrawal of all previously-filed documents containing or referring to the Mautner email.

8. The office of Legend's counsel represents that it has not received any privileged documents, other than the Mautner email, that were inadvertently produced by N4D in its responses to Passmore's requests for production in *N4D, Inc. v. Gregory Passmore a/k/a Greg Passmore, et al.*, Gwinnett County (Georgia) Superior Court No. 10-A-11197-7.

9. Because the office of Passmore's counsel claims that immediate destruction is impossible, at the close of all pending litigation between N4D and Passmore, including this case and the cases described in Paragraph 4 above, Passmore will destroy all copies of the Mautner email and any other privileged documents in its possession that may have been inadvertently produced by N4D in its responses to Passmore's requests for production in *N4D, Inc. v. Gregory Passmore a/k/a Greg Passmore, et al.*, Gwinnett County (Georgia) Superior Court No. 10-A-11197-7, to the extent that any such documents exist.

10. At the close of all pending litigation between N4D and Legend, Legend will destroy all copies of the Mautner email.

11. This stipulation and Protective Order shall apply only to the use of the Mautner email and any other assertedly privileged documents inadvertently produced by N4D in *N4D, Inc. v. Gregory Passmore a/k/a Greg Passmore, et al.*, Gwinnett County (Georgia) Superior Court No. 10-A-11197-7, to the extent that any such documents exist. This stipulation and Protective Order shall not apply to any subsequent production by N4D of any privileged documents, including the Mautner email, in this action or in the case of *N4D, LLC v. Legend3D, Inc*., San Diego Superior Court No. 37-2012-00088480-CU-NP-CTL.

**IT IS SO ORDERED**.

Date: May 14, 2014

_____
The Honorable Nita L. Stormes
United States Magistrate Judge